IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: DON WAYNE BASEY     §
                           §    A-10-CA-898-LY
                           §

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's "Motion for Release from Sex Offender Program" and Application to Proceed In Forma Pauperis. After consideration of Petitioner's Application to Proceed In Forma Pauperis, it is **GRANTED**.

Petitioner was convicted of indecency with a child in 1986. The sex-offender registration program applies to reportable convictions or adjudications occurring on or after September 1, 1970. See TEX. CRIM. PROC. CODE ANN. art. 62.002 (West 2008). Indecency with a child is a reportable offense under article 62.001(5)(A). See TEX. CRIM. PROC. CODE ANN. art. 62.001(5)(A) (West 2008). Therefore, the sex-offender registration law applies to Petitioner, and he is required to register for life. See TEX. CRIM. PROC. CODE ANN. art. 62.101(a) (West 2008).

Petitioner does not challenge the constitutionality of the sex-offender registration laws. Instead, he requests the Court to remove him from the registry because he is being assaulted by

police officers and informants and his family is being harassed based on his status as a registered sex offender. Plaintiff does not name any defendants and does not appear to be filing suit against any individuals for the alleged assaults. Construing Petitioner's pro se motion liberally, the Court construes Petitioner's motion as an application for writ of mandamus.

Although the writ of mandamus was abolished by Fed. R. Civ. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. 28 U.S.C. § 1651. Actions in the nature of mandamus are provided for in 28 U.S.C. § 1361, which states as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

The federal district courts do not have jurisdiction to issue the writ against a state actor or agency. See generally Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); accord, Noble v. Cain, 123 Fed. Appx. 151 (5th Cir. Feb.16, 2005) (not selected for publication in the Federal Reporter) (available on WESTLAW at 2005 WL 361818) (citing Moye to hold that mandamus relief is not available to federal courts to direct state officials in the performance of their duties and function). As such, mandamus relief is not available to compel or direct the actions of state officials or other non-federal employees. Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). Petitioner seeks to be released from the Texas sex-offender registration, which is maintained by the Texas Department of Public Safety. Petitioner's request for mandamus relief cannot be granted, because he would have to seek issuance of the writ against a state actor or a state agency.

RECOMMENDATION

It is therefore recommended that Petitioner's Motion for Release from Sex Offender Program, construed as an Application for Writ of Mandamus, be dismissed without prejudice for want of jurisdiction.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of December, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE